**Alpheus Ray BROKAW, Plaintiff— Appellant,**

v.

**QUALCOMM INCORPORATED; et al., Defendants—Appellees.**

No. 04–55198.

D.C. No. CV–01–01172–DMS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2004.

Decided Dec. 21, 2004.

Larry O. Barker, San Diego, CA, for Plaintiff–Appellant.

E. Joseph Connaughton, Paul, Plevin, Sullivan and Connaughton LLP, San Diego, CA, for Defendants–Appellees.

Before REINHARDT, BEEZER, and WARDLAW, Circuit Judges.

MEMORANDUM *

 Alpheus Ray Brokaw lost non-vested stock options upon his termination of employment from Qualcomm. Brokaw filed suit against Qualcomm, alleging numerous grounds for recovery, including age discrimination and contract-based claims. The district court dismissed several claims, and as to all remaining claims, granted summary judgment in favor of Qualcomm. We review these judgments of the district court *de novo.* *Solomon v. Interior Reg'l Hous. Auth.,* 313 F.3d 1194, 1196 (9th Cir.2002); *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir. 2001).

We have jurisdiction, and we AFFIRM.

 Employment documents squarely establish that Brokaw was an at-will employee and that any stock options granted to him were scheduled to vest over a five-year period and expire shortly after the termination of his employment. These express agreements require us to affirm the district court's decisions on Brokaw's contract-based claims and his claims of promissory fraud, negligent misrepresentation, and unjust enrichment. *See Bank of America Nat'l Trust & Savs. Ass'n v. Pendergrass,* 4 Cal.2d 258, 48 P.2d 659, 661 (1935) (holding that California law does not permit parol evidence of "a promise directly at variance with the promise of the writing"); *Cal. Med. Ass'n v. Aetna U.S. Healthcare of Cal.,* 94 Cal.App.4th 151, 172, 114 Cal.Rptr.2d 109 (Cal.Ct.App.2001) (holding that an unjust enrichment claim cannot lie where "express binding agreements exist and define the parties' rights").

 Written contracts govern the relationship between Brokaw and Qualcomm,

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

thus Brokaw's implied contract claims also fail. *Halvorsen v. Aramark Uniform Servs., Inc.,* 65 Cal.App.4th 1383, 1390, 77 Cal.Rptr.2d 383 (Cal.Ct.App.1998).

Brokaw has failed to establish age discrimination. He has not identified a facially neutral employment practice or policy that adversely impacts older employees, and therefore has not established a prima facie case of disparate impact. He also has not demonstrated disparate treatment because he has not produced sufficient evidence showing that Qualcomm's justification for his termination was a mere pretext to conceal a discriminatory motive. *Coleman v. Quaker Oats Company,* 232 F.3d 1271, 1281, 1291 (9th Cir.2000); *Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 916 (9th Cir.1996).

We have carefully considered each of Brokaw's remaining claims, which we find to be without merit.

AFFIRMED.